UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

RECEIVED

MAY 17 2013

AT 8:30_____M
WILLIAM T. WALSH
CLERK

_____X

ERVIN MEARS, JR., Individually and on : 
Behalf of Minor Child MAWUSIMENSAH
MEARS

                  *Plaintiffs,*    :

            v.                            :

BOARD OF EDUCATION OF THE STERLING :
REGIONAL HIGH SCHOOL DISTRICT,    :
MR. ANTHONY CAMPBELL
MR. CLARK PIERCE
MR. JOHN VOLOSIN
MR. WILLIAM HUGHES
MRS. LESLIE CARAMIELLO
MRS. LOUISE BARIKIAN                   :
MRS. MAUREEN MURPHY
MS. BARBARA OKESON-BRANT
MR. JIM NICOLUDIS
MR. PAUL SPAVENTA                       :
MR. JEFFREY McILVAINE
MR. MARK NAPOLEON
MR. KEITH SHEPHERD
MR. BRIAN BLUMENSTEIN               :
MR. MATT SHEEHAN

                 *Defendants.*
_____X

COMPLAINT

Civil Action No. _____

Plaintiff, Ervin Mears, Jr., Individually and on behalf a minor child Mawusimensah Mears, as and for his complaint, alleges the following:

## NATURE OF THIS ACTION

1. This is an action arising from a dispute as to the rights of a student excluded from participating in an Extracurricular Activity in a Public Educational School System, "The Board of Education of the Sterling Regional High School District and School Officials." Among other things, that defendants'

deliberate indifference to Keith Shepherd persistent bullying toward Mawusimensah Mears created an intimidating, hostile, offensive, and abusive school environment that violated Title IX of the Education Amendments of 1972, which, in relevant part, prohibits a student from be[ing] "excluded from participating in, being denied the benefit of, or be[ing] subjected to discrimination under any educational program or activity receiving Federal financial assistance," 20 U.S.C. Sec. 1681(a). Plaintiff seeks (1) declaratory judgment as to Extracurricular Activity a right of a student as guaranteed in the 5th Amendment and the 14th Amendment to the rights of due process. (2) an order enjoining defendants' from infringing on the freedom of expression guaranteed by the First Amendment. (3) an order enjoining the defendants' from not allowing fundamental fairness competition in determining placements (time trials) in athletic events. (4) an order enjoining defendants' from harassment of a minor child plaintiff (Mawusimensah Mears) is covered by Title IX, and (5) damages for defendants' noncompliance with Title IX.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Count I-VI in this action (1) pursuant to 28 U.S.C. section 1331, 1343(3) since it is a civil action arising under the laws of the United States, (2) pursuant to 28 U.S.C. 1338, since it is a civil action arising under a Act of Congress relating the United States Constitution. This Court has subject matter jurisdiction over Count V of this action. pursuant to 28 U.S.C. section 1367(a), since it is so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in United States District Court of New Jersey pursuant to U.S.C. section 1391(b),(c), in that (1) defendants are subject personal jurisdiction in the U.S. District Court

for the District of New Jersey and, reside in the U.S. District Court for the District of New Jersey, pursuant to 28 U.S.C. section 1391(c) and all defendants reside in the same state, and (2) all parts of the events giving rise to occurred in the U.S. Court for the District of New Jersey.

## PARTIES

4. Plaintiff, Ervin Mears, is a citizen of the United States who reside in Lawnside, New Jersey.

5. Plaintiff (minor) Mawusimensah Mears is a citizen of the United States who resides in Lawnside, New Jersey.

6. Upon information and belief, defendant Board of Education of the Sterling Regional High School District (the "Corporation") is a New Jersey corporation with a principal address at 801 Preston Ave., Somerdale, N.J. 08083-2175.

7. Upon information and belief, defendant, Anthony Campbell with principal address at 801 Preston Ave., Somerdale, N.J. 08083-2175.

8. Upon information and belief, defendant, Clark Pierce with principal address at 801 Preston Ave., Somerdale, N.J. 08083-2175.

9. Upon information and belief, defendant, John Voloin with principal address at 801 Preston Ave., Somerdale, N.J. 08083-2175.

10. Upon information and belief, defendant, William Hughes with principal address at 801 Preston Ave., Somerdale, N.J. 08083-2175.

11. Upon information and belief, defendant, Leslie Caramiello with principal address at 801 Preston Ave., Somerdale, N.J. 08083-2175.

12. Upon information and belief, defendant, Louise Barikian with principal address at 801 Preston Ave., Somerdale, N.J. 08083-2175.

13. Upon information and belief, defendant, Maureen Murphy with principal address at 801 Preston Ave., Somerdale, N.J. 08083-2175.

14. Upon information and belief, defendant, Barbara Okeson-Brant with principal address at 801 Preston Ave., Somerdale, N.J. 08083-2175.

15. Upon information and belief, defendant, Jim Nicoludis with principal address at 801 Preston Ave., Somerdale, N.J. 08083-2175.

16. Upon information and belief, defendant, Paul Spaventa with principal address at 801 Preston Ave., Somerdale, N.J. 08083-2175.

17. Upon information and belief, defendant, Jeffrey McIlvane with principal address at 501 S. Warwick Road, Somerdale, N.J. 08083-2175.

18. Upon information and belief, defendant, Mark Napoleon with principal address at 501 S. Warwick Road, Somerdale, N.J. 08083-2175.

19. Upon information and belief, defendant, Keith Shepherd with principal address at 501 S. Warwick Road, Somerdale, N.J. 08083-2175.

20. Upon information and belief, defendant, Brian Blumenstein with principal address at 501 S. Warwick Road, Somerdale, N.J. 08083-2175.

21. Upon information and belief, defendant, Matt Sheehan with principal address at 501 S. Warwick Road, Somerdale, N.J. 08083-2175.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

22. The claim arise out of a two-year pattern of harassment and bullying targeting Mawusmensah Mears ("minor").

23. Repeat complaints by plaintiff (Ervin Mears) to school officials about it, and the school's refusal to take any meaningful action.

24. The unchecked harassment began March 2012 after plaintiff (Mears) and defendant (Keith Shepherd/ Teacher-Coach) disagree about the events plaintiff's son had been training to run since fifth grade.

25. Mawusimensah (minor ) is presently a 10th grader at Sterling Regional High School in Somerdale, New Jersey and the harassment continued to persist and tell his termination from the track team May 6, 2013.

26. The continuing harassment has cause, diminishing Mawusimensah's academic performance and emotional well-being in the process.

27. On May 21, 2012 a letter was written and mailed to Sterling High School District Superintendent Dr. Jack L. McCulley requesting a meeting to discuss this matter. About misconduct behavior not becoming of a coach defendant ("Keith Shepherd").

28. On May 24, 2012 a meeting was convened at sterling high school in Somerdale New Jersey. At attendance was Dr. Jack L. McCulley (Superintendent), Mr. Matthews Sheehan (athletic director) and Mr. E. Mears (Mawusimensah Mears"s Father).

29. On June 8, 2012 a letter of Finding Of Facts On Coach Keith Shepherd was written and mailed to Sterling High School District Superintendent Dr. Jack L. McCulley.

30. On July 16, 2012 a letter of Notice of Unresolved Issues was written and mailed to Sterling High School Regional District Board requesting a meeting.

31. On August 2, 2012 a meeting was convened at Sterling High School Regional District board room at 801 Preston Ave. Somerdale New Jersey. No resolution was reached at this meeting.

32. On about August 14, 2012 from Dr. Jack L. McCulley stating the board position that Extra Curriculum activities is a **PRIVILEGE** not a right.

33. On August 18, 2012 a letter was written to Dr. Jack L. McCulley (Superintendent) and all Sterling Regional School Members and sent by certified Mail. Referring to a Notice of Intent to File a Lawsuit.

33. On August 20, 2012 (Monday) a meeting was convened at the Superintendent's Office to stipulate to some terms 1-8.

34. On August 27, 2012 a letter was written in mailed to Superintendent Dr. Jack L. McCulley. In reference to the remaining stipulation of terms 1,7,8 there will be no need for a legal remedy.

35. On or about September 14, 2012 Mr. Mears received a document from Dr. Jack McCulley stipulating to all terms but three 1,7,8

36. On April 20, 2013 a letter was written in mailed to defendant (Mark Napoleon) principal of Sterling Regional High School. In reference to "behavior of a coach" continuing to bully and his deliberate indifference behavior towards plaintiff's son.

37. On May 1, 2013 a meeting was convened at 7:15 AM in the principal office in Attendance Mark Napoleon (principal), Matthews Sheehan (athletic director) and plaintiff. No resolution was reached in this meeting.

38. On May 6, 2013 plaintiff received a call from his son stating that his algebra teacher (defendant) informed him that he had been terminated for the school track team.

39. On May 6, 2013 a letter was written in mailed to Mark Napoleon (defendant) in reference to terminating Mawusimensah Mears(minor plaintiff) from the Sterling School Track Team.

40. On about May 11, 2013 plaintiff received an envelope with three documents enclose from (1) Mark Napoleon (defendant), (2) Keith Shepherd (defendant), (3) Henry John Kelsey (teacher).

41. On about May 13, 2013 plaintiff received a letter from Matthews Sheehan (defendant).

42. Mawusimensah Mears in 2010 was the Undefeated Champ in the Camden County Catholic School District. In the following events in 8th grade, 200 m, 400 m, 800 m runs.

## COUNT I
### Declaratory Judgment

43. Plaintiff repeats and realleges each and every allegation contained in parallel 1 through 42 as though set forth fully herein.

44. There is an actual controversy between plaintiff and defendants within the jurisdiction of this Court.

45. This court is authorized, pursuant to 28 U.S.C. section 2201 to declare the rights and other legal relations of any interested party seeking such declaration.

46. Plaintiff respectfully seeks this Court's declaration.

## COUNT II
### Noncompliance and Deliberate Indifference to Title IX

50. Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 46 as though set forth fully herein.

51. Defendant (school officials) responded with deliberate indifference to repeat complaints from plaintiff (Mears).

52. Defendant (school officials) did not discipline Keith Shepherd (Coach/Teacher) at any time during the period in which he was harassing Mawusimensah Mears (Minor Plaintiff) and plaintiff's repeat complaints.

53. Defendant (school district) has no policies in place that discourage that specifies bullying teaches as inappropriate, unprofessional, and worthy of sanctions.

54. Minor plaintiff's ability to attend school and to perform his studies and activities was impeded.

55. Defendant (Keith Shepherd) engaged in deliberate indifference and intentionally discrimination against Mawusimensah Mears by denying his right to participate in school track meets.

56. Plaintiff inform defendant (school district) that athletic sport is a part of the school program or activity.

## COUNT III
### Violation of Section 1983 of Title 42

57. Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 56 as though set forth fully herein.

8.

58. Defendants listed from paragraph 7 through 21 are agents of Sterling Regional High School District.

59. Defendants listed from paragraph 7 through 21 or persons.

60. Defendants listed from paragraph 7 through 21 who are under color of state law.

61. Defendants had knowledge of the plaintiffs repeating complaints of harassment, intimidation, and abusive school environment for Mawusimensah Mears (minor plaintiff).

62. Minor plaintiff has the right to participate in all extracurricular activities and as decided by the Supreme Court of the state of New Jersey (2012), and all rights available on the United States Constitution.

63. Minor plaintiff has been harmed by the defendants deliberate indifference and intentional discrimination against Mawusimensah Mears being denied participation on the school's track team.

## COUNT IV
## 14th Amendment

64. Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 63 as though set forth fully herein.

65. The Minor Plaintiff engaged in protected conduct.

67. Minor Plaintiff has the right to speech or expression traditionally covered under First Amendment.

68. Defendant (Keith Shepherd) denied minor plaintiff the right to speak at a school track practice to his father.

69. Defendant (Keith Shepherd) denied minor plaintiff to right to speaking at track and field events.

## COUNT V
### Participation in Extracurricular is Right

70. Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 69 as though set forth fully herein.

71. Defendant (Keith Shepherd) denied minor plaintiff from participating in all the track meets for the 2012 school track season.

72. Defendant (Keith Shepherd) denied minor plaintiff from participating in all the track meets for the 2013 school track season.

73. Defendant (Keith Shepherd) terminated minor plaintiff from participating on the school track team made May 6, 2013 without just cause.

74. Defendants' actions were in violation of New Jersey Supreme Court decision that Extracurricular Activity Program is a Right.

75. Defendants' actions denied minor plaintiff right to Due Process.

## COUNT VI
### Noncompliance to Title VI of the Civil Rights

76. Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 75 as though set forth fully herein.

77. Defendant (Keith Shepherd) intentionally discriminates between ninth graders and 12th graders participating in track events.

78. Defendant (Keith Shepherd) point system for varsity letters is discriminatory.

## RELIEF

WHEREFORE, plaintiff respectfully requests:

(A) Declaratory judgment, pursuant to 28 U.S.C. section 2201, as to Extracurricular Activity in right of a student as guaranteed in the Fifth Amendment and the 14th amendment to the right's of due process.

(B) An order enjoining the defendants' from infringing on the freedom of expression guarantee by the First Amendment.

(C) An order enjoining defendants from not allowing fundamental fairness competition in determining placements (time trials) in athletic events.

(D) An order enjoining defendants' from harassment of a minor child plaintiff (Mawusimensah Mears) is covered by Title IX.

(E) An order granting Mawusimensah Mears (Minor) a varsity track letter for track season 2012 and a championship jacket (same year).

(F) An order granting Mawusimensah Mears (Minor) a varsity track letter for track season 2013 and a championship jacket (same year).

(G) A judgment against the defendant's, jointly and severally, in an amount to be at trial, not less than $40,000,000.000; and

(H) Costs, interest in such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

PLEASE TAKE NOTICE that this plaintiff demands a trial by jury on all issues an the within action, pursuant to Federal Rule of Civil Procedure Rule 38.

Dated: Camden, New Jersey
       May 17, 2013

By _____
Ervin Mears
411 E. Charleston Ave.
Lawnside, New Jersey
856 547 2620

11.