```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ERVIN MEARS, JR. : | |
| INDIVIDUALLY AND ON BEHALF : | |
| MINOR CHILD M.M. : | |
|     Plaintiffs, : | Civil Action No. |
| : | 13-3154 (NLH-JS) |
|   v. : | |
| : | |
| BOARD OF EDUCATION OF THE : | |
| STERLING REGIONAL HIGH : | |
| SCHOOL DISTRICT, et al., : | **ORDER** |
| : | |
|     Defendants. : | |

**APPEARANCES:**
ERVIN MEARS, JR.
411 E. CHARLESTON AVE
LAWNSIDE, NJ 08045
*Pro Se Plaintiff*

BRETT E. J. GORMAN
PARKER MCCAY PA
9000 MIDLANTIC DRIVE
SUITE 300
MT. LAUREL, NJ 08054
*Attorney for Defendants*

**HILLMAN, District Judge**

    Before the Court is plaintiffs' motion for default judgment for defendants' failure to answer, and it appearing that:

1. Pursuant to Rule 55, obtaining a default judgment is a two-step process.  First, when a defendant has failed to plead or otherwise respond, a plaintiff may request the entry of default by the Clerk of the Court.  See Fed.R.Civ.P. 55(a). Second, after the Clerk has entered the party's default, a plaintiff may then obtain a judgment by default by either:

(1) asking the Clerk to enter judgment, if the judgment is a sum certain, or (2) by applying to the Court. See Fed.R.Civ.P. 55(b);

2. "It is the accepted practice in this Circuit and in the Federal Court System generally that a party must request and receive an entry of default from the Clerk prior to moving for default judgment before the Court." Graise v. Marie, No. 12-05232, 2013 WL 1155281, at *2 (D.N.J. Mar. 20, 2013);

3. Here, plaintiffs did not complete step one – request for a Clerk's entry of default - prior to filing a motion for default judgment, and therefore, their motion is not properly filed;

4. Moreover, on June 17, 2013, defendants filed a motion to dismiss the complaint;[1] see Fed.R.Civ.P. 12(b);

---

[1] The complaint and summons were served on May 20, 2013. Defendants were required to answer 21 days after service, on June 10, 2013. Defendants did not file a responsive pleading until June 17, 2013, and therefore, the motion to dismiss is untimely. Defendants argue that their motion to dismiss was properly filed because it was filed before the answer. Although, procedurally, a motion to dismiss is filed before the answer, defendants still are required to respond 21 days after being served. They can either file their motion to dismiss on the deadline or receive an automatic 14-day extension pursuant to Local Rule 6.1(b) by Clerk's order. Defendants did neither and, therefore, their motion is untimely. Although untimely, the Court will consider the motion to dismiss since it was filed prior to any entry of default, it was only a week late, the

5.  Therefore, even if plaintiffs properly filed a Clerk's entry of default prior to filing their motion for default judgment, a default judgment would not have been entered because defendants did file a responsive pleading to the complaint in the form of a motion to dismiss;[2] see Prall v. Ellis, No. 10-1228, 2012 WL 4490729, at *3 (D.N.J. Sept. 27, 2012) (rendering plaintiff's request for entry of default moot where defendants answered one week late because "generally speaking, no prejudice is caused by the filing of an answer within 14 days after the due date.").

Therefore, on this  26th  day of November, 2013, it is

**ORDERED** that plaintiff's motion for default judgment [6] is **DENIED WITHOUT PREJUDICE**.

                                  s/Noel L. Hillman
                                NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

---

lateness of the filing did not prejudice the plaintiffs, and the Court favors disposition on the merits. See U.S. v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984) (The Third Circuit "does not favor entry of defaults or default judgments.").

[2] A motion to dismiss is filed before an answer is filed. See Rule 12(b). If the Court denies the motion to dismiss, then defendants must answer the complaint. If the Court grants the motion to dismiss, the case is dismissed.