UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ERVIN MEARS, JR. INDIVIDUALLY AND ON BEHALF MINOR CHILD M.M. Plaintiffs, v. BOARD OF EDUCATION OF THE STERLING REGIONAL HIGH SCHOOL DISTRICT, et al., Defendants. | Civil Action No. 13-3154 (NLH-JS) OPINION |

**APPEARANCES:**
ERVIN MEARS, JR.
411 E. CHARLESTON AVE
LAWNSIDE, NJ 08045
*Pro Se Plaintiff*

BRETT E. J. GORMAN
PARKER MCCAY PA
9000 MIDLANTIC DRIVE
SUITE 300
MT. LAUREL, NJ 08054
*Attorney for Defendants*

**HILLMAN, District Judge**

Before the Court is defendants' motion to dismiss and plaintiffs' "motion to dismiss." For reasons explained below, defendants' motion to dismiss will granted. However, plaintiffs will be granted leave to amend their First Amendment and Title VI claims. Plaintiff's motion will be denied.

I. **BACKGROUND**

Pro se plaintiff Ervin Mears, Jr., brings this action on behalf of his minor son, M.M., who is a student at Sterling

Regional High School ("Sterling") and former member of its track team. Plaintiffs allege that starting in March 2012, M.M. was harassed and bullied by Keith Shepherd, Sterling's track coach. For about one year, from May 2012 until May 2013, Mears wrote various letters, and met with school officials to discuss allegations of harassing behavior by his son's track coach. On May 6, 2013, plaintiffs learned that M.M. had been terminated from the track team.

Plaintiffs request a general declaratory judgment, and bring claims pursuant to 42 U.S.C. § 1983 for violations of their First and Fourteenth Amendment rights, and for violations of Title VI and IX. Defendants move to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## II. DISCUSSION

### A. Jurisdiction

Plaintiffs have alleged violations of the First and Fourteenth Amendment, and Title VI and IX, and therefore this Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

### B. Standards for Motion to Dismiss

**1. Fed.R.Civ.P. 12(b)(1)**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction. "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." Symczyk v. Genesis HealthCare Corp., 656 F.3d 189, 191 n.4 (3d Cir. 2011) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

In considering a Rule 12(b)(1) motion, "the district court may not presume the truthfulness of plaintiff's allegations, but rather must 'evaluat[e] for itself the merits of [the] jurisdictional claims.'" Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005) (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). "[A] district court acting under Rule 12(b)(1) may independently evaluate the evidence regarding disputes over jurisdictional facts, rather than assuming that the plaintiff's allegations are true." CNA v. U.S., 535 F.3d 132, 140, 145 (3d Cir. 2008) ("The District Court was permitted to make factual findings, beyond the pleadings, that were decisive to determining jurisdiction."); Waudby v. U.S., 2010 WL 324521, at * (D.N.J. Jan. 19, 2010) (Under Rule 12(b)(1), "no presumption of truthfulness attaches to the allegations in the complaint and the court may consider

3

matters outside the pleadings such as affidavits without converting the motion to one for summary judgment.") (citing Anjelino v. New York Times Co., 200 F.3d 73, 87 (3d Cir. 1999)).

### 2. Fed.R.Civ.P. 12(b)(6)

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1969 n.8 (2007)

4

(quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").

Following the Twombly/Iqbal standard, the Third Circuit has instructed a two-part analysis in reviewing a complaint under Rule 12(b)(6).  First, the factual and legal elements of a claim should be separated; a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Fowler, 578 F.3d at 210 (citing Iqbal, 129 S. Ct. at 1950).  Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" Id. (quoting Iqbal, 129 S. Ct. at 1950).  A complaint must do more than allege the plaintiff's entitlement to relief.  Id.; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This

5

'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element"). A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997). The defendant bears the burden of showing that no claim has been presented. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

    Finally, a court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. Southern Cross Overseas Agencies, Inc. v. Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d Cir. 1999). A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment

motion pursuant to Rule 56.  Fed. R. Civ. P. 12(b).

### 3. Pro Se Review

Plaintiffs are proceeding *pro se*.  A *pro se* litigant's complaint is held to "less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  Courts have a duty to construe pleadings liberally and apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name.  Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013); Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003); Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002).  "Specific facts are not necessary," as the complaint is designed only to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erikson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555).

## C. Defendants' Motion to Dismiss

### 1. Exhaustion of Administrative Remedies

Defendants argue that plaintiffs' complaint should be dismissed because plaintiffs failed to exhaust their administrative remedies.[1]  Although plaintiff has not appealed

---

1  Plaintiffs do not dispute that they have not exhausted their administrative remedies.  Rather, they argue that they fall

7

his claims to the Commissioner of Education, claims brought pursuant to § 1983 and for violations of Title VI and IX do not require exhaustion of administrative remedies.

With regard to § 1983 claims, there is no exhaustion of administrative remedies requirement before filing in federal court.  See Haywood v. Drown, 556 U.S. 729, 766, 129 S.Ct. 2108 (2009) ("This Court has expressly determined that § 1983 plaintiffs do not have to exhaust state-court remedies before proceeding in federal court.")  "The Supreme Court has consistently noted that exhaustion of state remedies, whether judicial or administrative, is not required prior to the commencement of an action under 42 U.S.C. § 1983 in federal court."  Hochman v. Board of Ed. of City of Newark, 534 F.2d 1094, 1096 (3d Cir. 1976).

Likewise, Title VI does not require that plaintiffs exhaust the administrative process before bringing suit.  Freed v. Consolidated Rail Corp., 201 F.3d 188, 193 (3d Cir. 2000)

---

under the exception because only an issue of law is raised, and that they will be harmed by increased financial cost if they have to seek an administrative remedy.  However, the Court finds exhaustion of administrative remedies is not prerequisite to filing claims brought pursuant to § 1983, or for violations of Title VII and IX.

8

("Title VI includes an administrative procedure that can lead to the withdrawal of federal funding from programs or activities that discriminate on the basis of race, color, or national origin, but it does not require that plaintiffs exhaust the administrative process before bringing suit.") (citing Jeremy H. v. Mount Lebanon School Dist., 95 F.3d 272, 281 (3d Cir. 1996); Chowdhury v. Reading Hosp. & Med. Ctr., 677 F.2d 317, 321-22 (3d Cir. 1982). And, "Title IX has no administrative exhaustion requirement and no notice provisions. Under its implied private right of action, plaintiffs can file directly in court and can obtain the full range of remedies[.]" Fitzgerald v. Barnstable School Committee, 555 U.S. 246, 254, 129 S.Ct. 788, 795-96 (2009) (internal citations omitted).

Therefore, defendants' motion to have plaintiffs' claims dismissed on grounds that they failed to exhaust their administrative remedies will be denied. See Latino Project, Inc. v. City of Camden, 701 F.2d 262, 264-65 (3d Cir. 1983) (string citing cases in support of rules that there is "no requirement that plaintiffs must exhaust state administrative remedies before bringing section 1983 suit in federal court"; "no requirement that plaintiffs must exhaust administrative remedies before bringing Title IX suit in federal court"; and

9

"no requirement that plaintiff must exhaust federal or state administrative remedies before bringing Title VI suit in federal court.").

   **2. Title IX**

   Defendants move to dismiss plaintiffs' Title IX claim on grounds that plaintiffs did not allege that defendants discriminated against M.M. on the basis of gender.

   Title IX provides in pertinent part that "[n]o person ... shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a).  To recover under Title IX, a plaintiff must establish "sexual harassment [ ] that is so severe, pervasive, and objectively offensive, and that so undermines and detracts from the victims' educational experience, that [he or she is] effectively denied equal access to an institution's resources and opportunities." DeJohn v. Temple University, 537 F.3d 301, 316 (3d Cir. 2008); see B.H. ex rel. Hawk v. Easton Area School Dist., 725 F.3d 293, 322 (3d Cir. 2013).

   Plaintiffs did not oppose defendants' motion to dismiss their Title IX claim.  In their complaint, plaintiffs allege that

10

school officials were deliberately indifferent to repeated complaints, and that Coach Shepherd was not disciplined during the time he was harassing M.M.  The only fact alleged in support of the harassment is that Shepherd denied M.M. his right to participate in school track meets.

As such, plaintiffs failed to adequately plead a Title IX claim.  There are no allegations that defendants discriminated against M.M. on the basis of his sex or gender.  Accordingly, plaintiffs' Title IX claim (Count II) will be dismissed.

### 3. Participation in Extracurricular Activities

Defendants move to dismiss plaintiffs' remaining claims - § 1983 and Title VI - on grounds that participation in the school's track team is a privilege, not a right.[2]

---

[2] Plaintiffs argue that the Superior Court of New Jersey ruled in G.D.M. v. Board of Education of the Ramapo Indian Hills Regional High School Dist., 48 A.3d 378 (N.J.Super.A.D. 2012), that participation in extracurricular activities is a right, not a privilege.  This is incorrect.  The issue before the Court in Ramapo Indian Hills, was whether the Board of Education of the Ramapo Indian Hills Regional High School District could issue a regulation in which the Board could control student conduct not only at school or during school-related functions and activities, but at all other times and places.  Id. at 380.  The court held that the regulation exceeded the Board's authority under the administrative code.  Id.  The New Jersey court did not raise the issue of whether an extracurricular activity was a privilege or a right.  In fact, the court accepted the Board's authority to "revoke a student's privilege to participate in extracurricular activities based upon illegal conduct..."  Id.

11

It is well settled that "[p]ublic education is not a 'right' granted to individuals by the Constitution." Plyler v. Doe, 457 U.S. 202, 221, 102 S.Ct. 2382 (1982) (citing San Antonio Independent School Dist. v. Rodriguez, 411 U.S. 1, 35, 93 S.Ct. 1278, 1298, 36 L.Ed.2d 16 (1973)). Likewise, participation in extracurricular activities sponsored by a public educational institution is also not a "right" guaranteed by the Constitution. See Angstadt v. Midd-West School Dist., 377 F.3d 338, 344 n. 2 (3d Cir. 2004) ("There is no constitutionally protected right to play sports."); Palmer v. Merluzzi, 689 F.Supp. 400, 413 (D.N.J. 1988) ("the more remote 'right' to participate in extracurricular activities does not rise to a fundamental right of constitutional dimension.") (citations omitted). Therefore, Count V of plaintiffs' complaint which asserts a claim for violation of the right to participate in extracurricular activities shall be dismissed. In addition, plaintiffs' request for a declaratory judgment that an extracurricular activity is a right shall also be denied (Count I).

---

at 381. It only questioned the Board's authority to revoke the privilege for conduct off school grounds in non-school related activities. Id.

However, plaintiffs have not simply argued that M.M. has a constitutional right to participate on the track team. Rather, plaintiffs also allege in their complaint that defendants' conduct violated M.M.'s First Amendment right to freedom of speech, and M.M.'s Fourteenth Amendment right to due process. The Court construes that plaintiffs have brought their Constitutional claims pursuant to § 1983.

**4. Section 1983**

Count III of plaintiffs' complaint alleges a violation of § 1983. Section 1983 generally supplies a remedy for the vindication of rights secured by federal statutes and does not create a substantive right. Gonzaga University v. Doe, 536 U.S. 273, 122 S.Ct. 2268 (2002). Thus, "one cannot go into court and claim a 'violation of § 1983' — for § 1983 by itself does not protect anyone against anything." Chapman v. Houston Welfare Rights Organization, 441 U.S. 600, 617, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979). Therefore, Count III, which only alleges a "violation" of § 1983, shall be dismissed. See Baker v. McCollan, 443 U.S. 137, 144, n.3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)(§ 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal

13

statutes that it describes.").

However, since the Court construes that plaintiffs are bringing their First and Fourteenth Amendment violation claims pursuant to § 1983, both constitutional claims shall be addressed.[3]

### a. First Amendment

Plaintiffs allege in Count IV, that defendant Shepherd denied M.M. the right to speak at a school track practice with his father, and denied him the right "to speaking at track and field events."

Although neither students nor teachers "shed their constitutional rights of freedom of speech or expression at the school house gates," Tinker v. Des Moines School Dist., 393 U.S. 503, 506, 89 S.Ct. 733, 736, 21 L.Ed.2d 731, 737 (1969), speech occurring in a non-public forum may be subject to reasonable restrictions. Hazelwood School Dist. v. Kuhlmeier, 484 U.S. 260, 108 S.Ct. 562 (1988).

Here, the complaint fails to identify what theory of First Amendment deprivation plaintiffs are pursuing, fails to identify

---

3 In other words, although there can be no violation of § 1983 by itself (so that Count III must be dismissed), claims brought pursuant to § 1983 are still considered.

the protected speech, and fails to allege any facts concerning the allegedly protected speech. All plaintiffs have alleged is that Shepherd would not let M.M. speak at track events. As such, plaintiffs have failed to allege any facts to support a plausible claim for relief pursuant to the First Amendment. Thus, plaintiffs' First Amendment claim shall be dismissed, without prejudice, and plaintiffs, proceeding *pro se*, will be granted leave to amend their complaint to allege sufficient facts in support of their First Amendment claim to give the defendants fair notice of what the claim is and the grounds upon which it rests.

### b. Fourteenth Amendment – Due Process

Plaintiffs allege that Shepherd denied M.M. participation at track meets and terminated him from the track team in violation of due process (Count V).

No property interest exists in participation in school extracurricular activities. Angstadt, 377 F.3d at 344. Therefore, plaintiffs' due process claim will be dismissed. Id. (finding student had no property interest in playing basketball and dismissed due process claim for failure to state a claim upon which relief can be granted).

15

**5. Title VI**

Title VI of the Civil Rights Act of 1964 states, "No person in the United States shall ... be subjected to discrimination under any program or activity receiving Federal financial assistance" on the basis of race, color, or national origin, 42 U.S.C. § 2000d.

Plaintiffs allege that Shepherd intentionally discriminates between ninth graders and twelfth graders participating in track events, and that Shepherd's point system for varsity letters is discriminatory.

Although defendants moved to have plaintiffs' Title VI claims dismissed on grounds that participation in an extracurricular activity is not a right, plaintiffs nonetheless failed to allege discrimination on the basis of race, color or national origin. Therefore, their Title VI claim will be dismissed, without prejudice, with leave to amend as against the Board of Education of the Sterling Regional High School District ("Board").  With regard to the individual defendants, plaintiffs' Title VI claims against the individual defendants will be dismissed because individual liability may not be asserted under Title VI. <u>Whitfield v. Notre Dame Middle School</u>, 412 Fed.Appx. 517, 521 (3d Cir. 2011) (citations omitted) (finding that Title VI

16

prohibits intentional discrimination based on race in any program that receives federal funding and that a plaintiff may sue a school for money damages for its failure to address a racially hostile environment); <u>New Jersey Sand Hill Band of Lenape & Cherokee Indians v. Corzine</u>, No. 09-683, 2010 WL 2674565, at *15 (D.N.J. June 30, 2010) (finding that individuals are not the proper defendants in a Title VI case because they are not "program[s] or activit[ies]" receiving federal financial assistance).

Therefore, defendants' motion to dismiss Count VI is granted, but plaintiffs will be granted leave to amend their Title VI claim against the Board.

### 6. Plaintiffs' Motion to Dismiss

Plaintiffs submitted a "motion to dismiss" defendants' motion to dismiss for untimeliness and for "failure to state a claim." Although defendants correctly argue that the "motion" serves as a sur-reply, improperly filed without the Court's permission, given plaintiffs' *pro se* status, the Court will consider the "motion" but advises plaintiffs to follow Local Rule 7.1, or the Court may impose sanctions such as striking the motion.

Plaintiffs argue that defendants' motion to dismiss is untimely. This same argument was raised in plaintiffs' prior motion for

17

default which was denied by the Court by Order entered November 26, 2013. For the same reasons outlined in the Court's Order, defendants' motion is not untimely and shall not be dismissed. Plaintiffs' alternative reasons for dismissing the defendants' motion – (1) a court must consider the complaint in its entirety, (2) the complaint is well plead under either Rule 8(a) or 9(b), and (3) an appearance of bias and prejudice as applied to pro se verses attorneys – are also denied as improper grounds for denying a motion to dismiss and also for the reasons as explained above.

### III. CONCLUSION

Defendants' motion to dismiss is granted. Counts I, II, III and V are dismissed with prejudice. Count IV (First Amendment) is dismissed without prejudice. Count VI (Title VI) is dismissed without prejudice against the Board, but dismissed with prejudice as to the individual defendants. Thus, plaintiffs will be permitted to amend their complaint to amend their First Amendment claim and Title VI claim against the Board. All other claims are dismissed with prejudice and cannot be re-filed in an amended complaint.

Plaintiffs' motion to dismiss is denied.


March 31, 2014            _s/Noel L. Hillman_
At Camden, New Jersey     NOEL L. HILLMAN, U.S.D.J.