UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

```
_____
ERVIN MEARS, JR.                 :
INDIVIDUALLY AND ON BEHALF OF    :
MINOR CHILD M.M.,                :
            Plaintiffs,          :     Civil Action No.
                                 :     13-3154 (NLH-JS)
    v.                           :
                                 :     OPINION
BOARD OF EDUCATION OF THE        :
STERLING REGIONAL HIGH           :
SCHOOL DISTRICT, et al.,         :
                                 :
                                 :
            Defendants.          :
_____ :
```

**APPEARANCES:**

ERVIN MEARS, JR.
411 E. CHARLESTON AVE
LAWNSIDE, NJ 08045

   *Pro se plaintiff*

BRETT E. J. GORMAN
PARKER MCCAY PA
9000 MIDLANTIC DRIVE
SUITE 300
MT. LAUREL, NJ 08054

   *Attorney for defendants*

**HILLMAN, District Judge**

   Before the Court is plaintiffs' motion for leave to file an amended complaint in this matter concerning a child's termination from a high school track team. In the Court's prior Opinion, the Court dismissed all of plaintiffs' claims with prejudice, except for their First Amendment claim and Title VI claim against the defendant school board. The Court dismissed

those claims without prejudice and granted plaintiffs thirty days to file a motion for leave to file an amended complaint. Plaintiffs filed their motion for leave to amend, and defendants have opposed it, arguing that plaintiffs' proposed amended complaint re-pleads claims that were dismissed with prejudice, and it otherwise fails to state any valid claims.  Prior to addressing the merits of plaintiffs' motion, however, the Court must address whether *pro se*, non-attorney, Ervin Mears, Jr. has standing to pursue the claims of his son, M.M.[1]

Third Circuit precedent is clear that a non-lawyer appearing *pro se* is not entitled to play the role of attorney for his child in federal court.  <u>Osei-Afriyie v. Medical College of Pennsylvania</u>, 937 F.2d 876, 882 (3d Cir. 1991); <u>Woodruff ex rel. B.W. v. Hamilton Tp. Public Schools</u>, 2007 WL 4556968, *3 (D.N.J. 2007) (citing cases) (declining to allow parents to represent their minor son on his claims for violations of the Rehabilitation Act and ADA, and explaining that the proposition

---

[1] This Court, as with all other federal courts, is under an independent obligation to examine its own jurisdiction, and "standing is perhaps the most important of the jurisdictional doctrines."  <u>FW/PBS, Inc. v. City of Dallas</u>, 493 U.S. 215, 230-31 (1990) (citation omitted) (stating that even if the parties fail to raise the issue of standing, it may be addressed by the court *sua sponte* at any stage of the proceedings).

that a parent cannot represent a child has been applied in cases involving civil rights and constitutional violation claims); see also Ciarrocchi v. Clearview Regional High School Dist., 2010 WL 2629050, 2-3 (D.N.J. 2010) (dismissing claims the parent, appearing *pro se*, brought on behalf of his son, but allowing the parent to file an amended complaint advancing his own claims). Consequently, Mr. Mears does not have standing to prosecute any of his son's claims.

The Court will therefore deny plaintiffs' motion for leave to file an amended complaint, and provide Mr. Mears with two options going forward. One option is that Mr. Mears hire an attorney for his son, or apply for *pro bono* counsel,[2] and the attorney may file a motion for leave to file an amended complaint on M.M.'s behalf. In the alternative, Mr. Mears may continue appearing *pro se*, but he must file a motion for leave

---

[2] The suggestion that Mr. Mears could choose to apply for pro bono counsel does not mean that he will be appointed pro bono counsel. The Third Circuit Court of Appeals has "cautioned that courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases," and that in order for a litigant to be appointed pro bono counsel, he must first demonstrate that the underlying case has arguable merit in fact and law, and then he must meet at least six other criteria. See Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002) (citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)).

to file an amended complaint advancing only his own claims, if he legitimately has any and can do so non-frivolously.[3]  Mr. Mears shall have thirty days to complete one of these options.  If he fails to do so, the case will be closed.  An appropriate Order will be entered.

Date:   October 22, 2014            s/ Noel L. Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.

---

[3]Any of M.M.'s claims will accrue for statute of limitations purposes when he turns eighteen years old, or sooner, if he becomes an emancipated minor.  Harris-Thomas v. Christina School Dist., 145 F. App'x 714, 715 (3d Cir. 2005) (citing Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991)).

4